# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

WHITNEY BAILEY, Ph.D )
)
     Plaintiff )
-vs.- )   Case No. CIV-19-1147-R
)
)
STEPHAN WILSON, *et al.* )
)
     Defendant. )

## MOTION TO DISMISS OF DEFENDANT, JORGE ATILES
## AND
## BRIEF IN SUPPORT THEREOF

### I. MOTION TO DISMISS

Comes now the Defendant, Jorge Atiles, and pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure, moves the Court to dismiss any and all claims sought to be asserted against him in Plaintiff's Complaint. In support of this Motion, Defendant states:

1. Plaintiff has failed to allege any personal involvement of this Defendant in connection with any claim of alleged discrimination due to Plaintiff's political affiliation related to her efforts to obtain the status of full professor under the Reappointment, Promotion and Tenure (RPT) process. As such, any such claim asserted against this Defendant must be dismissed; and

2. Plaintiff has failed to assert sufficient personal involvement of this Defendant in any alleged discriminatory action following her return from an unpaid leave of absence that would constitute an adverse employment action under the law. As such, Plaintiff has failed to state a claim upon which relief may be granted as to this Defendant.

A brief in support of this Motion is filed simultaneous herewith.

## II. BRIEF IN SUPPORT OF MOTION TO DISMISS

## A. ALLEGATIONS IN THE COMPLAINT

The Complaint is not a model of clarity as to what actions are attributed to which of the five (5) named Defendants. It contains numerous references to Plaintiff's attempts to hold "the Defendants" liable without differentiating among the Defendants.

The following are the only specific references to and allegations pertaining to Defendant Atiles in the Complaint:

1.   Defendant Atiles is an employee of Oklahoma State University(OSU) (¶4).

2.   Defendant Atiles is the Associate Dean for Extension & Engagement with the College of Human Sciences and oversees the Cooperative Extension unit where Plaintiff held a partial assignment for many years (¶12).

3.   Defendant Atiles is a registered Democrat (¶16).

4.   "Upon information and belief" Defendant Noftsger has been highly critical of the Trump Administration's decision to relocate the National Institute of Food & Agriculture of the U.S. Department of Agriculture to Kansas City; critical of the Trump Administration in general, those who voted for President Trump in 2016 and those who appear inclined to vote for President Trump in 2020. (¶20).

5.   Defendant Atiles and Defendant Osteen met with Plaintiff in June of 2017 to discuss her likely appointment with the Trump Administration and indicated their support to Plaintiff that Plaintiff take up to 24 months of leave without pay (¶39).

6.   Plaintiff faced "difficulty and strain" with Defendants Atiles and Osteen in

attempting to re-enter work associated with the Clark family and the Clark Gerontology Fund (¶53).

These are the only times that Defendant Atiles is referenced by name in the 66 paragraphs of the Complaint.

## B. ARGUMENT AND AUTHORITIES

### PROPOSITION I

### STANDARD OF REVIEW

The United States Supreme Court has made it clear that to withstand a legal challenge under Rule 12(b)(6) a pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). This standard requires a complaint to make sufficient factual allegations to state a plausible claim for relief. *Hall v. Okla. Dep't of Rehab. Servs.*, 2018 U.S. Dist. LEXIS 26709, at *2-4, 2018 WL 991543 (W.D. Okla. 2018, DeGiusti, J.).

The United States Court of Appeals for the Tenth Circuit has held that under *Iqbal* and *Twombly* "[a] plaintiff must 'nudge [his] claim across the line from conceivable to plausible' in order to survive a motion to dismiss." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 212) (quoting *Twombly* 550 U.S. at 570). It noted that where legal conclusions are asserted, the Court is not required to accept as true all allegations in the Complaint as to those conclusions. As such, mere recitation of the elements of a cause of action is not sufficient. Rather, a Plaintiff must offer specific factual allegations to support her claim. *Kansas Penn*

*Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)( quoting *Twombly,* 550 U.S. at 555).

A complaint, such as the one at issue, must set forth sufficient factual allegations "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. This is particularly true where multiple defendants are involved. Where, as here, a Complaint names multiple defendants, the complaint must specify the factual basis for *each* claim against *each* defendant. "To carry their burden, plaintiffs under the <u>Twombly</u> standard must do more than generally use the collective term 'defendants.'" *VanZandt v. Okla. Dep't of Human Servs.*, 276 F.App'x 843, 849 (10th Cir. 2008); see also  *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008).

Rule 81.c.1 of the Federal Rules of Civil Procedure provides that "these rules apply to a civil action after it is removed from a state court." Accordingly, as this Court has held "because the Federal Rules apply after removal, Rule 12(b)(6) and the attendant standards set by the Supreme Court apply" to determine the sufficiency of the allegations contained in a Petition filed in state court prior to removal. *McKnight v. Linn Operating, Inc.,* No. CIV-10-30-R, U.S.D.C. Western District of Oklahoma, April 1, 2010, 2010 U.S. Dist. LEXIS 144478 (Russell, J.).


PROPOSITION II

PLAINTIFF CANNOT ESTABLISH THE NECESSARY
ELEMENTS TO SUPPORT A CLAIM OF DEPRIVATION OF
<u>HER RIGHTS UNDER THE FEDERAL OR STATE CONSTITUTIONS</u>

A.      First Amendment of the United States Constitution:

Plaintiff's only enumerated cause of action is entitled "Violation of the First Amendment Right to Freedom of Association for which she seeks relief under 42 U.S.C. §1983." [1] At ¶61, she alleges that her political beliefs as a registered Republican or her acceptance of an appointment in the Trump Administration were substantial or motivating factors *"in Defendants' actions"* inter alia:

1.      Blatantly disregarding OSU's policies in evaluating Plaintiff's RPT request;

2.      Refusing to grant Plaintiff's requested promotion;

3.      Affirming the refusal of Plaintiff's requested promotion despite the fact that several  of the Defendants blatantly disregarded OSU's policies in evaluating that very request,  which was confirmed by OSU's Committee of Three and the Faculty Committee of    Faculty Council's recommendation that Plaintiff be promoted; and

4.      Treating Plaintiff differently than other similarly-situated faculty and/or employees of  OSU who previously engaged in service or appointments with other governmental  authorities and/or administrations in their respective fields.

At paragraph 64, Plaintiff asserts that the *"Defendants'"* unlawful conduct was motivated by evil motive or intent and involved reckless or callous indifference to Plaintiff's federally protected rights.

1.      Denial of Plaintiff's Request for Promotion:

---

[1] Although the First (and only) cause of Action is entitled Violation of the First Amendment, at paragraph 55 of the Complaint Plaintiff asserts that the Defendants who took the actions of which she complains also violated Article 2, Section 7 of the Oklahoma Constitution.

Plaintiff identifies Defendant Atiles as the Associate Dean of Extension & Engagement within the College of Human Sciences. She states that she is employed as an Assistant Professor in HDFS, one of three departments with the College of Human Sciences (¶¶9;12). However, there are *no allegations* in the Complaint that this Defendant had any involvement in or influence over Plaintiff's promotional request.

As noted in Proposition I above, where multiple defendants are named in a suit, the Plaintiff must set forth the specific factual basis for each claim asserted against each defendant. Plaintiff has wholly failed to make any such factual assertions against this Defendant on the issue of the denial of her request for a promotion. As such, that claim must be dismissed as to this Defendant.

2.    Allegations of Retaliatory Conduct:

Paragraph 61 of the Complaint outlines Plaintiff's contention that her political beliefs, her status as a registered Republican and/or her acceptance of an appointment in the Trump administration were substantial or motivating factors in *"Defendants'* actions including:

A.  Denying Plaintiff's summer teaching assignments and resultant compensation for the first time since 2010;

B.  Depriving Plaintiff's return and resultant compensation for her Cooperative Extension work;

C.  Denying Plaintiff's resumption of the Bryan Close Professorship in Adulthood and Aging;

D.  Assigning Plaintiff to teach two courses which she had never taught before; and

E.  Not permitting Plaintiff to teach a specialized course in her area of expertise that she established before her leave with the Trump Administration;

-6-

It has long been established that a supervisory governmental officer or employee, such as a Assistant Department Head, may not be held personally liable for the actions of others under the theory of *respondeat superior*. Rather, he may only be held liable under Section 1983 for his own personal actions leading to the violation of a constitutional right. *Serna v. Colorado Department of Corrections,* 455 F.3d 1146 (10th Cir. 2006). In *Serna*, the Court cited with approval its prior decision in *Jenkins v. Wood*, 81 F.3d 988, 994-995 (10th Cir. 1996) in which it had held:

> '...it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead...the plaintiff must establish 'a deliberate intentional act by the supervisor to violate constitutional rights'' (quoting *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992).

Under established pleading standards, it is not sufficient for Plaintiff to simply allege that the ***"Defendants"*** engaged in such actions. Rather, she must set forth the specific factual basis for these assertions and claims as to this specific Defendant. *Robbins v. Dep't of Human Servs.,* 519 F.3d 1242, 1250 (10th Cir. 2008).

Plaintiff makes no allegation in her Complaint that this Defendant had any involvement in or responsibility assigning summer teaching assignments; the Bryan Close Professorship in Adulthood and Aging; assigning Plaintiff two new courses she had never taught; or not permitting Plaintiff to teach a specialized course in her area of expertise.

Although not clearly stated in the Complaint, the only possible allegation of purported retaliatory conduct by this Defendant is Plaintiff's contentions, at paragraph 61(B), that

following her return from a leave of absence, she was denied Cooperative Extension Service work with a resultant loss of compensation. In paragraph 123 of her Complaint, she states that this Defendant "oversees the Cooperative Extension unit where she held a partial assignment for years.

Even if Plaintiff had made specific allegations of involvement of this Defendant in not assigning her Cooperative Extension Service work upon her return from her unpaid leave,  she must establish the existence of an adverse employment action to support her retaliation claim under the First Amendment.

An adverse action is one that "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits." *Chung v. El Paso Cnty/Colorado Springs Sch. Dist. #11,* 115 F. Supp.3d 1242 (U.S. Colo. 2015), citing *Dicks v. Phone Directories Co.,* 397 F.3d 1256, 1268 (10th Cir. 2005). Any alleged adverse action must cause more than de minimis harm to or impact on an employee's job opportunities or status. *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1040 (10th Cir. 2011), citing *Hillig v. Rumsfeld*, 381 F.3d 1028, 1033 (10th Cir. 2004).

In *Young v. White,* 200 F. Supp 2d 1259, 1272-73 (D. Kan. 2002), cited in  *Roecker v. Brennan*, 2017 U.S. Dist. LEXIS 15646, 2017 WL 445504 (D. Kan. 2017, Crabtree, J.), the Court found no adverse employment action existed when a supervisor assigned tasks within his authority even though the plaintiff "might disagree with the tasks assigned or with the decision to give the tasks to certain individuals" where the assignment did not alter the

employee's status.

Plaintiff does not allege that she was promised Cooperative Extension Service work when she returned to OSU. Presumably, any such assignments were given to active faculty members.

Furthermore, Plaintiff originally proposed taking up to 24 months of unpaid leave i.e. through December of 2019. At paragraph 39 of the Complaint, Plaintiff notes that during a conversation in June of 2017, this Defendant indicated his support for her taking leave to serve in the Trump Administration up to 24 months. Plaintiff affirmatively states that she verified that the leave "would not surrender her tenured faculty position." No reference is made to any guarantee of "extra" assignments upon her return from her requested leave.

Under the facts of this case taken in light of an academic environment, Plaintiff cannot establish an adverse employment action when assignments were made by those have the appropriate authority and where those decisions did not impact her status as a tenured Associate Professor. Defendant requests that all claims asserted against him for alleged retaliatory conduct be dismissed.

B.    Claim Under Article 2 of the Oklahoma Constitution

Although the First Cause of Action (¶¶59-66) only references the First Amendment of the United States Constitution, at paragraph 55 Plaintiff asserts that the actions of Defendants were taken in violation of Article 2, Section 7 of the Oklahoma Constitution.

Defendant assumes that Plaintiff seeks to bring a claim directly under the Oklahoma Constitution in reliance on *Bosh v. Cherokee County Bldg. Authority*, 2013 OK 9, 305 P.3d

994. That case recognized a private right of action under limited circumstances for a violation of Article 2, Section 30 of the Oklahoma Constitution for a claim of use of excessive force. However, *Bosh* does not support the claim Plaintiffs seek to bring under Article 2, Sections 7 of the Oklahoma Constitution.

Since its opinion in *Bosh,* the Oklahoma Supreme Court has  narrowed and  restricted the application of *Bosh.* See  *Perry v. City of Norman,* 2014 OK 119, 341 P.3d 689; and *Barrios v. Haskell Cty Pub. Fac. Authority*, 2018 OK 90, 432 P.3d 233. Furthermore, the federal courts in Oklahoma have declined to extend *Bosh* to claims other than excessive force. See *Hedger v. Kramer*, 2013 U.S. Dist. LEXIS 155533, 2013 WL 5873348 (W.D. Okla. 2013); *Bishop v. Oklahoma ex.rel. Dep't of Human Servs.,* 2013 U.S. Dist. LEXIS 167930, 2013 WL 6192114 (W.D. Okla. 2013, DeGiusti, J.) citing *Hedger v. Kramer; Bey v. City of Okla. City*, 2017 U.S. Dist. LEXIS 86552, 2017 WL 2455160 (W.D, Okla. 2017) ("*Bosh* should be narrowly interpreted and applied only to excessive force claims"); and *Bruning v. City of Guthrie*, 2015 U.S. Dist. LEXIS 108663, 2015 WL 4925995 (W.D. Okla., 2015, Heaton, J.).

Even in the absence of restrictions imposed on the application of *Bosh* to claims against governmental entities, *Bosh* cannot be the basis of any effort to bring a claim directly under the Oklahoma Constitution against an individual. In *Carter v. Davis*, 2019 U.S. Dist. LEXIS 162753, 2019 WL 4655901 N.D. Okla., Dowdell, J.), the Court held that:

> Even were this Court to extend Bosh to recognize a state constitutional claim under the facts alleged by Bradley in this case, Bosh addressed respondeat superior liability and did not

purport to create individual liability. Bradley has not identified legal authority providing for individual liability under Bosh. Other federal courts in Oklahoma have declined to extend Bosh to claims against individuals. (Citations omitted).

Defendant, Jorge Atiles, requests that all claims asserted or attempted to be asserted against him be dismissed.

PROPOSITION III

<u>QUALIFIED IMMUNITY</u>

Defendant Atiles, sued in his individual capacity, has the right to assert the defense of qualified immunity from suit and from any and all liability for any claims for which relief is sought under 42 U.S.C. §1983. *Archuleta v. Wagner*, 523 F.3d 1278, 1282 (10th Cir. 2008). This defense is regarded as a preliminary question to be decided as soon as possible. *Anderson v. Creighton*, 483 U.S. 635 (1987); *Morris v. Noe*, 672 F.3d 1185, 1191 (10th Cir. 2012).

The law presumes immunity for all public officials acting in their individual capacities. *Hidahl v. Gilpin Co.*, 938 F.2d 1150, 115 (10th Cir. 1991). To overcome this presumption, a plaintiff: 1) must show that the law was clearly established when the alleged violation occurred; and 2) must allege facts establishing that the public official violated the clearly established law. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).

In *Pompeo v. Bd. of Regents*, 852 F.3d 973 (10th Cir. 2017), the Tenth Circuit cited its prior decision in *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992) for the proposition that for the law to be clearly established, "Ordinarily, there must be a Supreme Court or Tenth Circuit opinion on point, or the clearly established weight of

-11-

authority from other courts must have found the law to be as the plaintiff maintains."

The Court also cited *Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2007)(en banc) for its holding that "the relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation" citing *Saucier v. Katz*, 533 U.S. 194, 202 (2001). In connection with Plaintiff's allegations of retaliatory adverse employment actions, the relevant "situation" is an academic setting at a major university.

The determination of a defendant's entitlement to qualified immunity "turn[s] on an individual assessment" of the conduct of each specific defendant." *Pahls v. Thomas*, 718 F.3d 1210, 1233 (10th Cir. 2013). For the reasons set forth in Proposition II(A)(2) above, Defendant Atiles asserts that he is entitled to qualified immunity from suit and from all liability. The alleged retaliatory conduct outlined at paragraph 61 of the Complaint that could arguably be attributed to him did not constitute an adverse employment action. Furthermore, he states that a reasonable person in his position as Associate Dean of Extension & Engagement would have no reason to believe that any action he might have taken regarding assignments through Cooperative Extension Services was unlawful.

As such, he is entitled to qualified immunity even if the Court finds that Plaintiff has alleged some retaliatory adverse employment action taken by this Defendant.

### III. CONCLUSION

For the reasons set forth herein, Defendant, Jorge Atiles, respectfully requests that the Court dismiss all claims asserted against him in the Complaint.

-12-

Dated this 18th day of December, 2019.

 /s/ Margaret McMorrow-Love
Margaret McMorrow-Love, OBA# 5538
John J. Love, OBA #5536
LOVE LAW FIRM
228 Robert S. Kerr Ave., Suite 540
Oklahoma City, Oklahoma 73102
(405) 235-3848
Fax: (405) 235-3863
Email: mml@lovelawfirm.legal

And

Steve  R. Stephens, OBA #10479
General Counsel
Clinton W. Pratt, OBA #21329
Assistant General Counsel
Board of Regents for the Oklahoma Agricultural
     and Mechanical Colleges
5th Floor, Student Union Building
Stillwater,  Oklahoma 74078-7044
steve.stephens@okstate.edu
clint.pratt@okstate.edu
***Attorneys for Defendant, Jorge Atiles***

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2019, the forgoing pleading was electronically filed with the Clerk of the Court using the ECF System and notice will be given to all counsel of record via the ECF System including:

Stanley M. Ward
Geoffrey A. Taylor
WARD & GLASS
1601 36th Avenue N.W.
Norman, Oklahoma 73072
*Attorneys for Plaintiff*

   /s/   Margaret McMorrow-Love
Margaret McMorrow-Love