IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

WHITNEY BAILEY, Ph.D           )
                               )
   Plaintiff                   )
-vs.-                          )  Case No. CIV-19-1147-R
                               )
                               )
STEPHAN WILSON, *et al.*       )
                               )
   Defendant.                  )

**MOTION TO DISMISS OF DEFENDANT, STEPHAN WILSON,
AND
BRIEF IN SUPPORT THEREOF**

I. MOTION TO DISMISS

Comes now the Defendant, Stephan Wilson, and pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure, moves the Court to dismiss any and all claims sought to be asserted against him in Plaintiff's Complaint. In support of this Motion, Defendant states:

1. Any claim of alleged discrimination due to Plaintiff's political affiliation asserted against this Defendant in connection with Plaintiff's efforts to obtain the status of full professor under the Reappointment, Promotion and Tenure (RPT) process is barred by the statute of limitations applicable to claims brought pursuant to 42 U.S.C. §1983; and

2. Plaintiff has failed to assert any personal involvement of this Defendant in any alleged discriminatory action in connection with teaching assignments following her return from an unpaid leave of absence. As such, she has failed to state a claim upon which relief may be granted as an individual cannot be held personally liable under 42 U.S.C. §1983 for purported actions of other under the doctrine of *respondeat superior*.

A brief in support of this Motion is filed simultaneous herewith.

II. BRIEF IN SUPPORT OF MOTION TO DISMISS

A. ALLEGATIONS IN THE COMPLAINT

The Complaint is not a model of clarity as to what actions are attributed to which of the five (5) named Defendants. It contains numerous references to Plaintiff's attempts to hold "the Defendants" liable without differentiating among the Defendants.

The following are the only specific references and/or allegations pertaining to Defendant Wilson in the Complaint:

1. Defendant Wilson is an employee of Oklahoma State University(OSU) (¶2).

2. Defendant Wilson is the Dean of the College of Human Sciences at OSU (¶10).

3. Defendant Wilson is a registered Democrat (¶16).

4. Defendant Wilson has publically expressed a "virulent dislike" of President Trump or persons aligned with President Trump; has Facebook postings expressing "his disdain" for Present Trump and those aligned with President Trump; and has publically disdained Presidential appointees including leadership and practices at the U. S. Department of Health and Human Services. (¶¶17-19).

5. Defendant Wilson, along with two other named Defendants, disregarded OSU policies regarding "RPT" in considering Plaintiff's promotional request initiated in *September of 2016* (¶31).

6. Defendant Wilson did not recommend Plaintiff for promotion on or around *March 20, 2017* (¶35); and

7. Sometime following *June 16, 2017*, Plaintiff contacted Defendant Wilson expressing an interest in participating in a conversation about resolving her concerns on the promotional process but Wilson advised her that his part of the "RPT" process could not be reversed (¶40).

B. ARGUMENT AND AUTHORITIES

PROPOSITION I

STANDARD OF REVIEW

The United States Supreme Court has made it clear that, to withstand a legal challenge under Rule 12(b)(6), a pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). This standard requires a complaint to make sufficient factual allegations to state a plausible claim for relief. *Hall v. Okla. Dep't of Rehab. Servs.*, 2018 U.S. Dist. LEXIS 26709, at *2-4, 2018 WL 991543 (W.D. Okla. 2018, DeGiusti, J.).

The United States Court of Appeals for the Tenth Circuit has held that under *Iqbal* and *Twombly* "[a] plaintiff must 'nudge [his] claim across the line from conceivable to plausible' in order to survive a motion to dismiss." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 212) (quoting *Twombly* 550 U.S. at 570). It noted that where legal conclusions are asserted, the Court is not required to accept as true all allegations in the Complaint as to those conclusions. As such, mere recitation of the elements of a cause of action is not sufficient. Rather, a Plaintiff must offer specific factual allegations to support her claim. *Kansas Penn*

*Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)( quoting *Twombly,* 550 U.S. at 555).

A complaint, such as the one at issue, must set forth sufficient factual allegations "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. This is particularly true where multiple defendants are involved. Where, as here, a Complaint names multiple defendants, the complaint must specify the factual basis for **each** claim against **each** defendant. "To carry their burden, plaintiffs under the Twombly standard must do more than generally use the collective term 'defendants.'" *VanZandt v. Okla. Dep't of Human Servs.*, 276 F.App'x 843, 849 (10th Cir. 2008); see also *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008).

Furthermore, Rule 81.1 of the Federal Rules of Civil Procedure provides that "these rules apply to a civil action after it is removed from a state court." Accordingly, as this Court has held "because the Federal Rules apply after removal, Rule 12(b)(6) and the attendant standards set by the Supreme Court apply" to determine the sufficiency of the allegations contained in a Petition filed in state court prior to removal. *McKnight v. Linn Operating, Inc.,* No. CIV-10-30-R, U.S.D.C. Western District of Oklahoma, April 1, 2010, 2010 U.S. Dist. LEXIS 144478 (Russell, J.).

PROPOSITION II

PLAINTIFF'S CLAIM AGAINST DEFENDANT WILSON
BASED ON HIS DECISION NOT TO RECOMMEND PLAINTIFF FOR
<u>PROMOTION IS BARRED BY THE STATUTE OF LIMITATIONS</u>

Plaintiff's sole cause of action is a claim for alleged violations of her First Amendment Right to Freedom of Association. She brings this claim under the remedial provisions of 42 U.S.C. §1983.

Section 1983 does not contain a statute of limitations. As such, courts have looked to the most analogous limitation period provided by state law. In *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), the Tenth Circuit held that courts should apply the applicable statute of limitations for an action of personal injury contained in the relevant state law. The United States Supreme Court affirmed the decision holding that "Section 1983 claims are best characterized [for statute of limitation purposes] as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280 (1985).

This is an action arising in Oklahoma. As such, the appropriate state statute is 12 O.S. §95(3) which provides a two-year limitation period for actions for injuries to the rights of others. *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988).

This suit was filed on November 18, 2019. The ***only*** allegation of any specific actions taken by this Defendant are: a) her assertion at paragraph 35 that on March 20, 2017 Defendant Wilson did not recommend her for promotion; and b) her contention, at paragraph 40, that sometime following June 16, 2017, Defendant Wilson declined to meet with her to discuss the RPT process.

Both events occurred more that two years prior to Plaintiff filing her action. As such, they may not form the basis of any claim against this Defendant for which relief is sought under Section 1983 for alleged deprivation of her rights under the First Amendment to the

United States Constitution.

## PROPOSITION III

### PLAINTIFF CANNOT ESTABLISH THE NECESSARY ELEMENTS TO SUPPORT A CLAIM OF DEPRIVATION OF HER RIGHTS UNDER THE FEDERAL OR STATE CONSTITUTIONS

A.   <u>First Amendment of the United States Constitution:</u>

As noted, Plaintiff's only enumerated cause of action is entitled "Violation of the First Amendment Right to Freedom of Association for which she seeks relief under 42 U.S.C. §1983." [1] At ¶61, she alleges that her political beliefs as a registered Republican or her acceptance of an appointment in the Trump Administration were substantial or motivating factors ***"in Defendants' actions"*** *inter alia:*

> a. Denying Plaintiff summer teaching assignment(s) and resultant compensation for the first time since 2010:
>
> b.   Depriving Plaintiff a return to and resultant compensation for Cooperative Extension Service work:
>
> c.   Denying Plaintiff of a resumption of the Bryan Close Professorship in Adulthood and Aging:
>
> d.   Assigning Plaintiff to teach two courses which she had never taught before;
>
> e.   Not permitting Plaintiff to teach a specialized course in her area of expertise that she established before her leave with the Trump Administration;
>
> f.   Blatantly disregarding OSU's policies in evaluating Plaintiff's RPT request;

---

[1] Although the First (and only) cause of Action is entitled Violation of the First Amendment, at paragraph 55 of the Complaint Plaintiff asserts that the Defendants who took the actions of which she complains also violated Article 2, Section 7 of the Oklahoma Constitution.

 g. Refusing to grant Plaintiff's requested promotion;

 h. Affirming the refusal of Plaintiff's requested promotion despite the fact that several of the Defendants blatantly disregarded OSU's policies in evaluating that very request, which was confirmed by OSU's Committee of Three and the Faculty Committee of Faculty Council's recommendation that Plaintiff be promoted; and

 i. Treating Plaintiff differently than other similarly-situated faculty and/or employees of OSU who previously engaged in service or appointments with other governmental authorities and/or administrations in their respective fields.

At paragraph 64, Plaintiff asserts that the **"Defendants'"** unlawful conduct was motivated by evil motive or intent and involved reckless or callous indifference to Plaintiff's federally protected rights. She seeks actual and punitive/exemplary damages against the Defendants collectively in an amount exceeding $75,000 (¶66).

Plaintiff identifies Defendant Wilson as the Dean of the College of Human Sciences. She states that she is employed as an Assistant Professor in the Human Development and Family Science Department which is one of three departments with the College of Human Sciences (¶9).

It has long been established that a supervisory governmental officer or employee, such as a Dean of a College, may not be held personally liable for the actions of others under the theory of *respondeat superior*. Rather, he may only be held liable under Section 1983 for his own personal actions leading to the violation of a constitutional right. *Serna v. Colorado Department of Corrections,* 455 F.3d 1146 (10th Cir. 2006). In *Serna*, the Court cited with approval its prior decision in *Jenkins v. Wood*, 81 F.3d 988, 994-995 (10th Cir. 1996) in which it had held:

> '...it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead...the plaintiff must establish 'a deliberate intentional act by the supervisor to violate constitutional rights'" (quoting *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992).

There are no allegations in the Complaint that Defendant Wilson had any involvement in the following actions outlined in paragraph 61 of the Complaint:

a. Denying her summer teaching assignments;

b. Denying her Cooperative Extension Service work;

c. Denying her resumption of the Bryan Close Professorship;

d. Assigning her to teach two courses she had not taught in the past;

e. Not permitting her to teach a specialized course in her area of expertise; and

f. Treating her differently that other similarly situated faculty who previously engaged in service or appointments with other governmental authorities and/or administrations in their respective fields.

Under established pleading standards, it is not sufficient for Plaintiff to simply allege that the ***"Defendants"*** engaged in such actions. Rather, she must set forth the specific factual basis for these assertions and claims as to this Defendant. *Robbins v. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008). She has wholly failed in this regard with reference to her contentions that she has been discriminated against due to her party affiliation or because of her acceptance of an appointment in the Trump Administration. Therefore, these allegations against this Defendant must be dismissed.

The remaining allegations in paragraph 61 assert that "Defendants:"

      a. Blatantly disregarded OSU policies in evaluating her RPT request;

      b. Refused to grant her a promotion; and

      c. Affirmed the refusal to grant her a promotion

The allegations in the Complaint reflect that any direct involvement by Defendant Wilson in connection with Plaintiff's RPT request for promotion ended, at the very latest, in the summer of 2017 (¶¶35; 40). Since this suit was not filed until November of 2019, these assertions are barred by the two-year statute of limitations and may not be the basis of a claim for relief as to this Defendant.

B.    Claim Under Article 2 of the Oklahoma Constitution

    Although the First Cause of Action (¶¶59-66) only references the First Amendment of the United States Constitution, at paragraph 55 Plaintiff asserts that the actions of Defendants were taken in violation of Article 2, Section 7 of the Oklahoma Constitution.

    Defendant assumes that Plaintiff seeks to bring a claim directly under the Oklahoma Constitution in reliance on *Bosh v. Cherokee County Bldg. Authority*, 2013 OK 9, 305 P.3d 994. That case recognized a private right of action under limited circumstances for a violation of Article 2, Section 30 of the Oklahoma Constitution for a claim of use of excessive force. However, *Bosh* does not support the claim Plaintiffs seek to bring under Article 2, Sections 7 of the Oklahoma Constitution.

    Since its opinion in *Bosh,* the Oklahoma Supreme Court has narrowed and restricted the application of *Bosh.* See *Perry v. City of Norman,* 2014 OK 119, 341 P.3d 689; and *Barrios v. Haskell Cty Pub. Fac. Authority*, 2018 OK 90, 432 P.3d 233. Furthermore, the

federal courts in Oklahoma have declined to extend *Bosh* to claims other than excessive force. See *Hedger v. Kramer*, 2013 U.S. Dist. LEXIS 155533, 2013 WL 5873348 (W.D. Okla. 2013); *Bishop v. Oklahoma ex.rel. Dep't of Human Servs.,* 2013 U.S. Dist. LEXIS 167930, 2013 WL 6192114 (W.D. Okla. 2013, DeGiusti, J.) citing *Hedger v. Kramer; Bey v. City of Okla. City*, 2017 U.S. Dist. LEXIS 86552, 2017 WL 2455160 (W.D, Okla. 2017) (" *Bosh* should be narrowly interpreted and applied only to excessive force claims"); and *Bruning v. City of Guthrie*, 2015 U.S. Dist. LEXIS 108663, 2015 WL 4925995 (W.D. Okla., 2015, Heaton, J.).

Even in the absence of restrictions imposed on the application of *Bosh* to claims against governmental entities, *Bosh* cannot be the basis of any effort to bring a claim directly under the Oklahoma Constitution against an individual. In *Carter v. Davis*, 2019 U.S. Dist. LEXIS 162753, 2019 WL 4655901 N.D. Okla., Dowdell, J.), the Court held that:

> Even were this Court to extend Bosh to recognize a state constitutional claim under the facts alleged by Bradley in this case, Bosh addressed respondeat superior liability and did not purport to create individual liability. Bradley has not identified legal authority providing for individual liability under Bosh. Other federal courts in Oklahoma have declined to extend Bosh to claims against individuals. (Citations omitted).

Defendant, Stephan Wilson, asks that all claims asserted or attempted to be asserted against him be dismissed.

### PROPOSITION IV

### QUALIFIED IMMUNITY

Defendant Wilson, sued in his individual capacity, has the right to assert the defense of

qualified immunity from suit and from any and all liability for any claims for which relief is sought under 42 U.S.C. §1983. *Archuleta v. Wagner*, 523 F.3d 1278, 1282 (10th Cir. 2008). This defense is regarded as a preliminary question to be decided as soon as possible. *Anderson v. Creighton*, 483 U.S. 635 (1987); *Morris v. Noe*, 672 F.3d 1185, 1191 (10th Cir. 2012).

The law presumes immunity for all public officials acting in their individual capacities. *Hidahl v. Gilpin Co.*, 938 F.2d 1150, 115 (10th Cir. 1991). To overcome this presumption, a plaintiff: 1) must show that the law was clearly established when the alleged violation occurred; and 2) must allege facts establishing that the public official violated the clearly established law. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).

In *Pompeo v. Bd. of Regents*, 852 F.3d 973 (10th Cir. 2017), the Tenth Circuit cited its prior decision in *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992) for the proposition that for the law to be clearly established, "Ordinarily, there must be a Supreme Court or Tenth Circuit opinion on point, or the clearly established weight of authority from other courts have found the law to be as Plaintiff maintains."

The Court also cited *Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2007)(en banc) for its holding that "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation." citing *Saucier v. Katz*, 533 U.S. 194, 202 (2001). In this case, in connection with Plaintiff's allegations of retaliatory adverse employment actions the relevant situation is an academic setting at a major university.

An adverse action is one that "constitutes a significant change in employment status,

such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits." *Chung v. El Paso Cnty/Colorado Springs Sch. Dist. #11,* 115 F. Supp.3d 1242 (U.S. Colo. 2015), citing *Dicks v. Phone Directories Co.,* 397 F.3d 1256, 1268 (10th Cir. 2005). Any alleged adverse action must cause more than de minimis harm to or impact on an employee's job opportunities or status. *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1040 (10th Cir. 2011), citing *Hillig v. Rumseld,* 381 F.3d 1028, 1033 (10th Cir. 2004).

At paragraph 53 of her Complaint, Plaintiff alleges that she has experienced retaliatory actions following her return from unpaid leave. She identifies those actions as: a) being denied a summer teaching assignment- but she does ***not*** assert that she was denied the normal teaching schedule; b) assigned two courses that she had never taught- but she does not allege that these courses were outside the scope of her academic qualifications and experience; c) was not assigned to teach an alleged "specialized" course; and d) experienced "difficulty and strain" in attempting to re-enter work associated with the Clark Gerontology Fund.

However, Plaintiff's Complaint fails to set forth any specific actions allegedly taken by Defendant Wilson in connection with the areas outlined by Plaintiff in paragraph 53 of her Complaint. The determination of a defendant's entitlement to qualified immunity "turn[s] on an individual assessment" of the conduct of each specific defendant." *Pahls v. Thomas*, 718 F.3d 1210, 1233 (10th Cir. 2013).

Since Plaintiff has failed to allege any personal involvement of Defendant Wilson in any alleged adverse employment action following her return from an unpaid leave of absence,

he is entitled to immunity even if the Court finds that Plaintiff has alleged some retaliatory adverse employment action.

### III. CONCLUSION

For the reasons set forth herein, Defendant, Stephan Wilson, respectfully requests that the Court dismiss all claims asserted against him in the Complaint.

Dated this 18th day of December, 2019.

/s/ Margaret McMorrow-Love
Margaret McMorrow-Love, OBA# 5538
John J. Love, OBA #5536
LOVE LAW FIRM
228 Robert S. Kerr Ave., Suite 540
Oklahoma City, Oklahoma 73102
(405) 235-3848
Fax: (405) 235-3863
Email: mml@lovelawfirm.legal

And

Steve R. Stephens, OBA #10479
General Counsel
Clinton W. Pratt, OBA #21329
Assistant General Counsel
Board of Regents for the Oklahoma Agricultural and Mechanical Colleges
5th Floor, Student Union Building
Stillwater, Oklahoma 74078-7044
steve.stephens@okstate.edu
clint.pratt@okstate.edu
***Attorneys for Defendant, Stephan Wilson***

### CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2019, the forgoing pleading was electronically filed with the Clerk of the Court using the ECF System and notice will be given

to all counsel of record via the ECF System including:

>Stanley M. Ward
>Geoffrey A. Taylor
>WARD & GLASS
>1601 36th Avenue N.W.
>Norman, Oklahoma 73072
>*Attorneys for Plaintiff*

                /s/ Margaret McMorrow-Love
                Margaret McMorrow-Love