IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WHITNEY BAILEY, Ph.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-19-1147-R |
| | ) |
| STEPHAN WILSON, | ) |
| SISSY OSTEEN, | ) |
| JORGE ATILES, | ) |
| JARROD NOFTSGER, and | ) |
| GARY SANDEFUR, | ) |
| | ) |
| Defendants. | ) |

## PARTIAL ANSWER OF DEFENDANT, GARY SANDEFUR

Comes now Defendant, Gary Sandefur, and for his partial answer to Plaintiff's Complaint states as follows:

1. Defendant admits the allegations of paragraphs 1 through 7.

2. Defendant admits that when suit was originally filed in the District Court of Payne County venue was proper as alleged in paragraph 8. Defendant notes that this case was removed to this Court.

3. Defendant admits the allegations of paragraphs 9 through 11.

4. Defendant admits the allegations of paragraph 12 except Defendant is without sufficient personal knowledge or information to form a belief regarding the assertion that Plaintiff held partial teaching assignments for many years in the Cooperative Extension unit.

5. Defendant admits the allegations of paragraphs 13 and 14.

6. Defendant is without sufficient knowledge or information for form a belief as to

the allegations of paragraphs 15 and 16 and, therefore, denies the same except Defendant admits that he is a registered Democrat.

7. Defendant is without sufficient personal knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 17 through 23 and, therefore, denies the same.

8. Defendant denies the allegations of paragraph 24 as to any statement made by him in his professional capacity at Oklahoma State University ("OSU").

9. Upon information and belief, Defendant denies the allegations of paragraph 25 except Defendant admits that a notice was sent advising of the availability of counseling at OSU.

10. Defendant is without sufficient personal knowledge or information to form a belief as to the truth of the allegations in paragraph 26 and, therefore, denies the same except Defendant admits, upon information and belief, that Plaintiff was offered and accepted a position in the U.S. Department of Health & Human Services which agency includes the areas set forth in paragraph 26. Defendant further admits that Plaintiff took a leave of absence without pay from on or about December 10, 2017 through approximately January 5, 2019.

11. Upon information and belief, Defendant admits that beginning around December of 2016, Plaintiff had a variety of meetings with various personnel affiliated with OSU to discuss the possibility of Plaintiff taking a leave of absence without pay. Defendant was not present at any such meeting and, therefore, does not know the content of those meetings. Defendant denies the remaining allegations of paragraph 11.

12. Defendant admits the allegations of paragraph 28.

13. Defendant admits the allegations of paragraphs 29 and 30 except Defendant does not know the exact date when such events occurred and, therefore, does not admit to those dates.

14. Defendant denies the allegations of paragraph 31.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 and, therefore, denies the same except Defendant admits that Plaintiff did not waive her right to review external letters.

16. Defendant admits that four external reviews recommended Plaintiff for promotion as alleged in paragraph 33. Defendant lacks sufficient knowledge or information as to the dates when external information was received and, therefore, does not admit to those dates.

17. Defendant admits the allegations of paragraph 34.

18. Defendant admits the allegation of paragraph 35 except, upon information and belief, Defendant states that the notice from Dean Wilson was dated March 17, 2017 not March 20, 2017.

19. Defendant admits the allegations of paragraph 36.

20. Upon information and belief, Defendant admits the allegations of paragraph 37.

21. Defendant admits the allegations of paragraph 38.

22. Defendant is without sufficient personal knowledge or information to form a belief as to the content of any discussions among the persons identified in paragraph 39 and, therefore, denies the same as to content.

12. Defendant admits the allegations of paragraph 28.

13. Defendant admits the allegations of paragraphs 29 and 30 except Defendant does not know the exact date when such events occurred and, therefore, does not admit to those dates.

14. Defendant denies the allegations of paragraph 31.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 and, therefore, denies the same except Defendant admits that Plaintiff did not waive her right to review external letters.

16. Defendant admits that four external reviews recommended Plaintiff for promotion as alleged in paragraph 33. Defendant lacks sufficient knowledge or information as to the dates when external information was received and, therefore, does not admit to those dates.

17. Defendant admits the allegations of paragraph 34.

18. Defendant admits the allegation of paragraph 35 except, upon information and belief, Defendant states that the notice from Dean Wilson was dated March 17, 2017 not March 20, 2017.

19. Defendant admits the allegations of paragraph 36.

20. Upon information and belief, Defendant admits the allegations of paragraph 37.

21. Defendant admits the allegations of paragraph 38.

22. Defendant is without sufficient personal knowledge or information to form a belief as to the content of any discussions among the persons identified in paragraph 39 and, therefore, denies the same as to content.

23. Defendant admits the Plaintiff contacted him to express an interest in initiating a discussion as to a possible resolution of the denial of her promotion request and that he advised Plaintiff that, upon advice of counsel, he felt it appropriate to allow the Dispute Resolution process to proceed as alleged in paragraph 40. However, Defendant states that this communication occurred on July 13, 2017 not June 16, 2017. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 40 and, therefore, denies the same.

24. Defendant admits that he denied Plaintiff's promotion requests as alleged in paragraph 41 but states that his notification to Plaintiff was on May 25, 2017 not June of 2017.

25. Defendant admits the allegation 42.

26. Upon information and belief, Defendant admits that Plaintiff communicated with Defendant Osteen, orally and in writing, about arrangements for Plaintiff's anticipated leave of absence without pay as alleged in paragraphs 43 and 44. Defendant is without sufficient personal knowledge or information to form a belief as to the actual content of those discussions and, therefore, denies the same.

27. Regarding the allegations of paragraphs 45 through 47, Defendant admits that a "Committee of Three" issued its decision on Plaintiff's appeal but states that its report was issued on September 22, 2017 not September 20, 2017. Defendant states that the content of the report speaks for itself.

28. Defendant admits the allegations of paragraph 48.

29. Defendant admits that the Dispute Resolution Committee affirmed the decision

not to grant Plaintiff's promotion request as alleged in paragraph 49. Defendant states that the content of the report of the Committee of Three speaks for itself.

30.   Defendant admits that on December 8, 2017 he advised Plaintiff that he was affirming his decision not to recommend Plaintiff for promotion. Defendant denies the remaining allegations of paragraph 50.

31.  Defendant is without sufficient personal knowledge or information to form a belief as to the truth of the content of any written communication between Plaintiff and Defendant Osteen dated December 4, 2017 as alleged in paragraph 51 and, therefore, denies the same.

32.   Upon information and belief, Defendant admits the allegations of paragraph 52.

33.   Defendant is without sufficient personal knowledge or information to form a belief as to the truth of the allegations in paragraph 53 and, therefore, denies the same.

34.   Defendant denies the allegations of paragraphs 54 through 57.

35.   Defendant is without sufficient personal knowledge or information to form a belief as to the truth of the allegations in paragraph 58 and, therefore, denies the same.

36.   Defendant incorporates all paragraphs of his partial answer set forth above in response to the allegations of paragraph 59.

37.   Defendant states that the allegations of paragraph 60 seek to assert a legal conclusion to which no response is required.

38.  Upon information and belief, Defendant denies the allegations of paragraph 61(A) through (E) and specifically denies the allegations of paragraph 61(F) through (I).

39.   Defendant admits the allegations of paragraph 62.

40. Defendant states that the allegations of paragraph 63 seeks to assert a legal conclusion to which no response is required.

41. Defendant denies the allegations of paragraphs 64 through 66 as to this Defendant.

42. Defendant denies all other allegations in the Complaint not specifically admitted above.

43. Defendant denies that Plaintiff is entitled to any of the relief requested in her Complaint as to this Defendant.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state claims upon which relief may be granted as to this Defendant.

2. Certain of Plaintiff's allegations and claims are barred by the applicable statute of limitations.

3. This Defendant acted at all times in objective and subjective good faith and is entitled to qualified immunity from suit and from any and all liability.

4. This Defendant is not responsible for the actions or inactions of any person over whom he had no direct management or control.

5. Defendant is not responsible for any action of any person taken outside the course and scope of his/her duties and responsibilities.

6. Defendant may not be held liable under the doctrine of *respondeat superior*.

7. All actions taken by this Defendant with reference to Plaintiff's employment, including his decision not to recommend her for promotion, were based on legitimate, non-

discriminatory, non-retaliatory business reasons and were not motivated, in whole or in part, due to her political affiliation, political party registration or her appointment to the U.S. Department of Health and Human Services in the Trump Administration.

8. Plaintiff's constitutional rights were not violated by any action or inaction of this Defendant.

9. Any damages suffered by Plaintiff, if any, were due to her own actions or inactions.

10. Plaintiff has an affirmative duty to mitigate her damages.

11. Plaintiff's claims for punitive or exemplary damages are barred or limited by the provisions of the Unites States and Oklahoma Constitutions.

12. Should Plaintiff seek to amend her Complaint to add any tort causes of action, Defendant would not be a proper party to any such claims based on actions taken within the course and scope of his employment for OSU under the Oklahoma Governmental Tort Claims Act.

13. Any damages that may be sought against this Defendant under any state law cause of action are limited and/or capped under state law.

14. Plaintiff is not entitled to any of the relief requested.

15. This Defendant is entitled to an award of a reasonable attorney fee.

WHEREFORE, having partially answered, Defendant, Gary Sandefur, respectfully requests that the Court enter judgment in his favor and against the Plaintiff so that Plaintiff takes nothing by way of her Complaint and that the Court award this Defendant his costs, a reasonable attorney fee and such other relief as the Court deems just and proper.

Dated December 18, 2019.

 */s/ Margaret McMorrow-Love*
Margaret McMorrow-Love, OBA# 5538
John J. Love, OBA #5536
LOVE LAW FIRM
228 Robert S. Kerr Ave., Suite 540
Oklahoma City, Oklahoma 73102
(405) 235-3848/Fax: (405) 235-3863
Email: mml@lovelawfirm.legal

And

Steve R. Stephens, OBA# 10479
General Counsel
Clinton W. Pratt, OBA #21329
Assistant General Counsel
Board of Regents for the Oklahoma Agriculture and Mechanical Colleges
5th Floor Student Union Building
Stillwater, Oklahoma 74078-7044
steve.stephens@okstate.edu
clint.pratt@okstate.edu
***Attorney for Defendant, Gary Sandefur***

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2019, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants:

Stanley M. Ward     rstermer@wardglasslaw.com
Geoffrey A. Tabor     geoffrey@wardglasslaw.com

 */s/ Margaret McMorrow-Love*
Margaret McMorrow-Love