## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WHITNEY BAILEY, Ph.D., | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-19-1147-JD |
| | ) |
| STEPHAN WILSON, | ) |
| SISSY OSTEEN, | ) |
| JORGE ATILES, | ) |
| JARROD NOFTSGER, and | ) |
| GARY SANDEFUR, | ) |
| | ) |
|      Defendants. | ) |

### PARTIAL ANSWER OF DEFENDANT, STEPHAN WILSON, TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now Defendant, Stephan Wilson, and for his partial answer to Plaintiff's First Amended Complaint states as follows:

1. Defendant admits the allegations of paragraphs 1 through 7.

2. Defendant admits the allegations of paragraphs 8 through 10.

3. Defendant admits the allegations of paragraph 11 except Defendant denies that he is responsible for "all personnel decisions in the College of Human Sciences" as alleged in paragraph 11.

4. Defendant admits the allegations of paragraph 12 except Defendant denies that Defendant Osteen is responsible for "all personnel decisions" in the College of Human Sciences" and was Plaintiff's sole supervisor as alleged in paragraph 12.

5. Defendant admits the allegations of paragraphs 13 and 14 except that Defendant

is without sufficient knowledge or information to form a belief as to the truth of the allegations as to Defendant Atiles' decision making directly related to Plaintiff's work and compensation in connection with Cooperative Extension Service Work.

6.   Defendant admits the allegations of paragraph 15.

7.   Defendant denies that he is a registered Democrat; Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations of paragraphs 16 and 17 and, therefore, denies the same.

8.   With regard to the allegations contained in paragraphs 18 through 21, Defendant states that comments, if any, attributed to him were expressions of personal opinion. Defendant denies the allegations of paragraph 26 as to any statement made by him in his professional capacity at Oklahoma State University ("OSU").

9.   Defendant is without sufficient personal knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 22 through 26 and, therefore, denies the same.

10.   Defendant is without personal knowledge sufficient to form a belief as to the allegations of paragraph 27, and therefor denies the same, except Defendant admits that a notice was sent via the Office of the President of OSU advising of the availability of counseling at OSU.

11.   Defendant is without sufficient personal knowledge or information to form a belief as to the truth of the allegations in paragraph 28 and, therefore, denies the same except

Defendant admits, upon information and belief, that Plaintiff was offered and accepted a position in the U.S. Department of Health & Human Services which agency includes the areas set forth in paragraph 28. Defendant further admits that Plaintiff took a leave of absence without pay from on or about December 10, 2017 through approximately January 5, 2019.

12.   Upon information and belief, Defendant admits that beginning around December of 2016, Plaintiff had a variety of meetings with various personnel affiliated with OSU to discuss the possibility of Plaintiff taking a leave of absence without pay.  Defendant was not present at any such meeting and, therefore, does not know the content of those meetings. Defendant denies the remaining allegations of paragraph 29.

13.   Defendant admits the allegations of paragraph 30.

14.   Defendant admits the allegations of paragraphs 31 and 32 except Defendant does not know the exact date when such events occurred and, therefore, does not admit to those dates.

15.   Defendant denies the allegations of paragraph 33.

16.   Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 and, therefore, denies the same except Defendant admits that Plaintiff did not waive her right to review the external letters.

17. Defendant admits that four external reviews recommended Plaintiff for promotion as alleged in paragraph 35. Defendant lacks sufficient knowledge or information as to the

dates when external information was received and, therefore, does not admit to those dates.

18.  Defendant admits the allegations of paragraph 36.

19.  Defendant admits the allegation of paragraph 37 except Defendant states that the notice was dated March 17, 2017 not March 20, 2017.

20.  Defendant admits the allegations of paragraph 38.

21.  Upon information and belief, Defendant admits the allegations of paragraph 39.

22.  Defendant admits the allegations of paragraph 40.

23.  Defendant is without sufficient personal knowledge or information to form a belief as to the content of any discussions among the persons identified in paragraph 41 and, therefore, denies the same as to content.

24.  Defendant admits the Plaintiff contacted him to express an interest in initiating a discussion as to a possible resolution of the denial of her promotion request and that he advised Plaintiff that he felt it appropriate to allow the Dispute Resolution process to proceed as alleged in paragraph 42.  However, Defendant states that this communication occurred on July 13, 2017 not June 16, 2017.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 42 and, therefore, denies the same.

25.  On information and belief, Defendant admits the allegation in paragraph 43 but states that the notification to Plaintiff was on May 25, 2017 not June of 2017.

26.  Defendant admits the allegation in paragraph 44.

27.   Upon information and belief, Defendant admits that Plaintiff communicated with Defendant Osteen, orally and in writing, about arrangements for Plaintiff's anticipated leave of absence without pay as alleged in paragraphs 45 and 46. Defendant is without sufficient personal knowledge or information to form a belief as to the actual content of those discussions and, therefore, denies the same.

28.   Regarding the allegations of paragraphs 47 through 50, Defendant admits that a "Committee of Three" issued its decision on Plaintiff's appeal but states that its report was issued on September 22, 2017 not September 20, 2017. Defendant states that the content of the report speaks for itself and denies the allegations of these paragraphs to the extent inconsistent with the report.

29.   Defendant admits the allegations of paragraph 51.

30.   Defendant admits that the Dispute Resolution Committee affirmed the decision not to grant Plaintiff's promotion request as alleged in paragraph 52. Defendant states that the content of the report of the Committee of Three speaks for itself.

31.   Defendant admits that on December 8, 2017 Defendant Sandefur advised Plaintiff that he was affirming his decision not to recommend Plaintiff for promotion. Defendant denies the remaining allegations of paragraph 53.

32.   Defendant denies the allegations of paragraphs 54 and 55 except Defendant admits that Defendant Sandefur's December 8, 2017 decision completed the administrative process available to the Plaintiff regarding her application for promotion.

33.  Defendant is without sufficient personal knowledge or information to form a belief as to the truth of the content of any written communication between Plaintiff and Defendant Osteen dated December 4, 2017 as alleged in paragraph 56 and, therefore, denies the same.

34.  Upon information and belief, Defendant admits the allegations of paragraph 57.

35.  Defendant denies the allegations in paragraph 58 to the extent such allegations are directed at him.  Defendant is without sufficient personal knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 58 and therefore denies the same.

36.  Defendant denies the allegations of paragraphs 59 and 60.

37.  Defendant denies the allegations of paragraphs 61 through 63 at to this Defendant. Defendant is without sufficient personal knowledge or information to form a belief as to the truth of the allegations in paragraphs 61 through 63 as to any other Defendant and, therefore, denies the same.

38.  Defendant incorporates all paragraphs of his partial answer set forth above in response to the allegations of paragraph 64.

39.  Defendant states that the allegations of paragraph 65 seek to assert a legal conclusion to which no response is required.

40.  Upon information and belief, Defendant denies the allegations of paragraph 66(A) through (E) and specifically denies the allegations of paragraph 66(F) through (J).

41.   Defendant denies the allegations of paragraph 67.

42.   Defendant admits the allegations of paragraph 68.

43.   Defendant states that the allegations of paragraph 69 seeks to assert a legal conclusion to which no response is required.

44.   Defendant denies the allegations of paragraphs 70 through 72 as to this Defendant.

45.   Defendant denies all other allegations in the First Amended Complaint not specifically admitted above.

46.   Defendant denies that Plaintiff is entitled to any of the relief requested in her First Amended Complaint as to this Defendant.

<u>AFFIRMATIVE DEFENSES</u>

1.   The Amended Complaint fails to state claims upon which relief may be granted as to this Defendant.

2.   Certain of Plaintiff's allegations and claims are barred by the applicable statute of limitations.

3.   This Defendant acted at all times in objective and subjective good faith and is entitled to qualified immunity from suit and from any and all liability.

4.   This Defendant is not responsible for the actions or inactions of any person over whom he had no direct management or control.

5.   Defendant is not responsible for any action of any person taken outside the course

-7-

and scope of his/her duties and responsibilities.

6.   Defendant may not be held liable under the doctrine of *respondeat superior.*

7.   All actions taken by this Defendant with reference to Plaintiff's employment, were based on legitimate, non-discriminatory, non-retaliatory business reasons and were not motivated, in whole or in part, due to her political affiliation, political party registration or her appointment to the U.S. Department of Health and Human Services in the Trump Administration.

8.   Plaintiff's constitutional rights were not violated by any action or inaction of this Defendant.

9.   Any damages suffered by Plaintiff, if any, were due to her own actions or inactions.

10.   Plaintiff has an affirmative duty to mitigate her damages.

11.   Plaintiff's claims for punitive or exemplary damages are barred or limited by the provisions of the Unites States and Oklahoma Constitutions.

12.   Should Plaintiff seek to amend her First Amended Complaint to add any tort causes of action, Defendant would not be a proper party to any such claims based on actions taken within the course and scope of his employment for OSU under the Oklahoma Governmental Tort Claims Act.

13.   Any damages that may be sought against this Defendant under any state law cause of action are limited and/or capped under state law.

14.   Plaintiff is not entitled to any of the relief requested.

15.   This Defendant is entitled to an award of a reasonable attorney fee.

WHEREFORE, having partially answered, Defendant, Stephan Wilson, respectfully requests that the Court enter judgment in his favor and against the Plaintiff so that Plaintiff takes nothing by way of her First Amended Complaint and that the Court award this Defendant his costs, a reasonable attorney fee and such other relief as the Court deems just and proper.

Dated January 24, 2020.

 /s/ Margaret McMorrow-Love
Margaret McMorrow-Love, OBA# 5538
John J. Love, OBA #5536
LOVE LAW FIRM
228 Robert S. Kerr Ave., Suite 540
Oklahoma City, Oklahoma 73102
(405) 235-3848/Fax: (405) 235-3863
mml@lovelawfirm.legal
jjl@lovelawfirm.legal

And

Steve R. Stephens, OBA# 10479
General Counsel
Clinton W. Pratt, OBA #21329
Assistant General Counsel
Board of Regents for the Oklahoma
Agriculture and Mechanical Colleges
5th Floor Student Union Building
Stillwater, Oklahoma 74078-7044
steve.stephens@okstate.edu
clint.pratt@okstate.edu
**Attorney for Defendant, Stephan Wilson**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 24, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants:

Stanley M. Ward            rstermer@wardglasslaw.com
Geoffrey A. Tabor          geoffrey@wardglasslaw.com

*/s/ Margaret McMorrow-Love*
Margaret McMorrow-Love