IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

WHITNEY BAILEY, Ph.D             )
                                 )
       Plaintiff                 )
-vs.-                            )   Case No. CIV-19-1147-JD
                                 )
                                 )
STEPHAN WILSON, *et al.*         )
                                 )
       Defendant.                )

**REPLY IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL
OF DEFENDANT GARY SANDEFUR**

This Reply Brief is filed on behalf of Defendant Gary Sandefur, in support of his Motion to Dismiss the claims asserted against him in the Amended Complaint ("Complaint"). Sandefur would note at the outset that, in considering a Motion under Rule 12(b)(6), the Court should look only to the four corners of the Complaint, rather than how that pleading was characterized in Plaintiff's response.

In *Jojola v. Chavez*, 55 F.3d 488 (10th Cir. 1995), the Tenth Circuit Court of Appeals considered a Plaintiff's attempt to cure the deficiencies in his complaint by raising new factual issues on appeal. The Court of Appeals rejected this approach, holding that "in determining whether to grant a motion to dismiss, the district court, and consequently this court, are limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." 55 F.3d at 494. See also *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993) (in reviewing an order granting a motion to dismiss, the

1

court of appeals "confines [its] review to the allegations of the complaint").

### 1. Allegations in the Complaint

The Complaint alleges that, on September 16, 2016, Plaintiff applied for a promotion to the position of Professor at Oklahoma State University (¶ 30). The Complaint further alleges that in February and March, 2017, Defendants Osteen and Wilson did not recommend Plaintiff's promotion application, and that Sandefur denied the promotion in June, 2017 (¶¶ 36, 37 and 43). The Complaint alleges that Sandefur affirmed his decision on December 8, 2017 (¶ 53).

The Complaint further alleges that Plaintiff asked for and was granted a leave of absence to work for the United States Department of Health and Human Services; she took the leave of absence from December 10, 2017 until January 5, 2019 (¶ 28). The Complaint alleges that, upon her return to the University, she received teaching assignments from Defendants other than Sandefur which were not to her liking (¶ 58). Although the Complaint makes a conclusory assertion that the denial of her promotion request two years earlier was connected to the teaching assignments made in 2019, it fails to allege any facts to support this assertion and to explain the two year temporal disparity.

In short, Plaintiff's claim in this case involves two separate complaints. First, she contends that the denial of her promotion request in 2017 violated her constitutional right of association. Second, she asserts that the teaching assignments which she received following her return from a leave of absence in 2019 were not to her liking, and also that the

Defendants failed to give her "professional accolades" to which she believed herself entitled.

### 2. Plaintiff has made no plausible claim of retaliation against Sandefur

Sandefur moved to dismiss the claims asserted against him insofar as they were related to the events alleged to have occurred in 2019, since the Complaint makes no allegation that he was involved in any of those actions. In her Response to his Motion, Plaintiff asserts that the actions of the other defendants provide the basis for a retaliation claim against Sandefur because those actions were inextricably connected to his action in 2017 to not recommend Plaintiff for promotion. Thus, Plaintiff argues that Sandefur's promotion decision was a "continuing violation" and thus he is liable for the alleged acts of other defendants.

Plaintiff acknowledges that no published Tenth Circuit case has accepted the applicability of the "continuing violation" argument in the context of a §1983 claim. However, even if it applies, unless Plaintiff alleges facts to prove that the 2017 failure to promote and the alleged retaliation two years later were so connected as to constitute but a single claim, then the retaliation claim against Sandefur should be dismissed.

More importantly, however, Sandefur may be held liable under §1983, if at all, only for his **own** actions, not for acts taken by other defendants. "Individual liability under § 1983 must be based on [the defendant's] personal involvement in the alleged constitutional violation." *Schneider v. City of Grand Junction Police Dep't,* 717 F.3d 760, 768 (10th Cir. 2013). In a suit under §1983, "a plaintiff must plead that each Government-official

defendant, **through the official's own individual actions**, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis supplied).

The Complaint is devoid of factual allegations that Sandefur took any retaliatory action against Plaintiff in 2019, and the claims against him based on those allegations should be dismissed.

### 3. Sandefur is entitled to qualified immunity

The Motion to Dismiss showed that Sandefur is entitled to qualified immunity from liability and from suit, since the Complaint failed to allege facts showing that any purported constitutional violation was clearly established.

> Once a defendant asserts qualified immunity, the plaintiff bears the burden of satisfying a strict two-part test. The plaintiff must establish (1) that the defendant violated a constitutional or statutory right, and (2) that this right was clearly established at the time of the defendant's conduct.

*Dodds v. Richardson*, 614 F.3d 1185, 1191 (10th Cir. 2010) (internal citations omitted). The Tenth Circuit has characterized plaintiff's burden as a "heavy" one. "If the plaintiff fails to carry either part of his two-part burden, the defendant is entitled to qualified immunity." *Trigalet v. Young*, 54 F.3d 645, 647 (10th Cir. 1995).

Under this standard, a plaintiff must show that the constitutional right which she claims was violated by the defendant was clearly established, and that "existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, ___ U.S. ___, 137 S. Ct. 548, 551 (2017).

Here, Plaintiff cites several cases in which employees were **terminated** for political

4

activities. See, e.g., Plaintiff's citations to *Snyder v. City of Moab*, 354 F.3d 1179 (10th Cir. 2003); *Gann v. Cline*, 519 F.3d 1090 (10th Cir. 2008); and *Walton v. Powell,* 821 F.3d 1204 (10th Cir. 2016). Plaintiff, of course, was not terminated from any position, and those cases are inapplicable. Likewise, unlike *Keyishian v. Bd. of Regents*, 385 U.S. 589 (1967) (in which professors were fired for refusing to sign statements denying that they were Communists), Plaintiff does not allege that Sandefur infringed her academic freedom in any way.

These cases do not show that existing precedent conclusively establishes that a person such as Sandefur is subject to personal liability under 42 U.S.C. § 1983 for the acts or inactions of other persons, about which he was not alleged to have any knowledge, let alone any involvement.

It was the Plaintiff's burden in responding to the Motion to Dismiss to show the existence of controlling precedent establishing that a person in the position of Sandefur would have known that the acts of other persons (and their failure to heap praise upon Plaintiff) as alleged in the Complaint would subject him to personal liability for damages under §1983. Plaintiff has failed to carry her burden, and accordingly Sandefur is entitled to qualified immunity.

Defendant Gary Sandefur respectfully requests that the Court grant his Motion for Partial Dismissal.

Dated this 20th day of February, 2020.

          /s/ *Margaret McMorrow-Love*
Margaret McMorrow-Love, OBA# 5538
John J. Love, OBA #5536
LOVE LAW FIRM
228 Robert S. Kerr Ave., Suite 540
Oklahoma City, Oklahoma 73102
(405) 235-3848
Fax: (405) 235-3863
mml@lovelawfirm.legal
jjl@lovelawfirm.legal

And

Steve R. Stephens, OBA #10479
General Counsel
Clinton W. Pratt, OBA #21329
Assistant General Counsel
Board of Regents for the Oklahoma Agricultural and Mechanical Colleges
5th Floor, Student Union Building
Stillwater, Oklahoma 74078-7044
steve.stephens@okstate.edu
clint.pratt@okstate.edu
***Attorneys for Defendant Gary Sandefur***

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2020, the forgoing pleading was electronically filed with the Clerk of the Court using the ECF System and notice will be given to all counsel of record via the ECF System including:

    Stanley M. Ward
    Geoffrey A. Taylor
    WARD & GLASS
    1601 36th Avenue N.W.
    Norman, Oklahoma 73072
    *Attorneys for Plaintiff*

          /s/ *Margaret McMorrow-Love*
          Margaret McMorrow-Love